IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

JAN 1 8 2006

| | |
|---|---|
| CHARLES EATON, | ) |
| Plaintiff, | ) |
| | ) Cause No.: C6-13-DCB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| 1) CSX TRANSPORTATION, INC., a corporation; | ) |
| | ) DAVID L. |
| 2) PROFESSIONAL TRANSPORTATION, INC., a corporation, | ) |
| 3) DEBBIE CATON; and | ) |
| 4) MICHAEL E. TRAPP; | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHARLES EATON, by his attorneys Robert E. Harrington, Jr., Patrick J. Harrington, Vincent B. Browne and Harrington, Thompson, Acker & Harrington, Ltd., and complains of the following Defendants:

1) CSX TRANSPORTATION, INC., a corporation;

2) PROFESSIONAL TRANSPORTATION, INC., a corporation,

3) DEBBIE CATON; and

4) MICHAEL E. TRAPP.

1

## Allegations Common To All Counts

1. On or about January 25, 2005, at approximately 3:43 p.m., Plaintiff CHARLES EATON was injured while working for Defendant CSX TRANSPORTATION, INC. in a parking lot located at 7201 Alexandria Pike in the Town of Alexandria, County of Campbell and State of Kentucky.

2. The Defendants named herein are joined in one action as Defendants under the provisions of Fed. R. Civ. P. 20(a), in that Plaintiff has asserted against them jointly, severally, or in the alternative, a right to relief in respect of or arising out of the same transaction and occurrence since questions of law or fact common to all Defendants will arise in the action.

3. At the afore-referenced time and place, pursuant to the instructions of Defendant CSX TRANSPORTATION, INC., Plaintiff CHARLES EATON and his train crew were traveling by vehicle, or "deadheading", in the course of their employment.

4. Defendant CSX TRANSPORTATION, INC. retained the services of Defendant, PROFESSIONAL TRANSPORTATION, INC., a livery service, to transport Plaintiff and his crew members.

5. Defendant DEBBIE CATON was an agent and/or employee of Defendant PROFESSIONAL TRANSPORTATION, INC. and was driving the livery van used to transport Plaintiff.

6. Defendant PROFESSIONAL TRANSPORTATION, INC. and Defendant DEBBIE CATON became agents of Defendant CSX TRANSPORTATION, INC. by operation of law in performing an operational railroad activity of Defendant CSX TRANSPORTATION, INC. in transporting the train crew, including the Plaintiff.

7. At the time and place alleged herein, the PROFESSIONAL TRANSPORTATION, INC. livery van was traveling in a northwesterly direction in the parking lot.

8. At the time and place alleged herein, a motor vehicle operated by Defendant MICHAEL E. TRAPP was backing in a southwesterly direction from a parking spot located in the parking lot.

9. At the time and place alleged herein, the front and passenger side of the van operated by Defendant DEBBIE CATON collided with the rear of the vehicle operated by Defendant MICHAEL E. TRAPP.

10. As a result of the impact of the collision, Plaintiff was caused to be injured.

11. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in this judicial district.

## Count I
## Plaintiff CHARLES EATON v. Defendant CSX TRANSPORTATION, INC.

1-11. As and for paragraphs 1-11 of Count I, Plaintiff CHARLES EATON adopts and reasserts paragraphs 1-11 of "Allegations Common To All Counts" as if fully set forth herein.

12. Defendant CSX TRANSPORTATION, INC. is a common carrier engaged in interstate commerce, and is subject to service of process and to the jurisdiction of this Court under 45 U.S.C. § 56 and 28 U.S.C. § 1331.

13. At the time of the accident and injury alleged herein, Plaintiff CHARLES EATON was employed by Defendant CSX TRANSPORTATION, INC. as a railroad conductor, and his duties were in furtherance of interstate commerce for Defendant. Both

3

Plaintiff and the Defendant were subject to the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, under the provisions of which this action is brought.

14. Plaintiff CHARLES EATON was acting at all times alleged herein within the scope of his employment and in furtherance of the Defendant's business and it was the duty of the Defendant to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work, including occasions where Plaintiff was transported by vehicle off Defendant's premises; to refrain from delegating its non-delegable duty to furnish Plaintiff with a reasonably safe place in which to work by hiring a livery service to transport Plaintiff and his crew; to exercise ordinary care and judgment in selecting and hiring a transport service to transport Plaintiff in performance of his duties; through the transport service, acting as Defendant's agent by operation of law, to operate and control the vehicle to avoid collision; and to warn Plaintiff so as to avert injury to Plaintiff.

15. Defendant CSX TRANSPORTATION, INC., at the time and place alleged, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed to cause injury to Plaintiff:

   a) In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place in which to work, including those occasions where Defendant required Plaintiff to be transported in a vehicle off Defendant's premises;

   b) In delegating its non-delegable duty to furnish Plaintiff with a reasonably safe place in which to work by hiring a livery service to transport Plaintiff and his crew;

   c) In failing to exercise care and judgment in selecting and hiring a livery service to transport Plaintiff and his crew in the performance of their duties;

d) Through its agents, Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON, by operation of law performing an operational activity of CSX TRANSPORTATION, INC., in operating its vehicle in a reckless and careless manner in violation of KRS § 189.290;

e) Through its agents, Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON, by operation of law performing an operational activity of CSX TRANSPORTATION, INC., in failing to keep a proper look-out;

f) Through its agents, Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON, by operation of law performing an operational activity of CSX TRANSPORTATION, INC., in failing to sound a properly operating horn when necessary to warn of the approach of the livery van to another vehicle in violation of KRS § 189.080;

g) Through its agents, Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON, by operation of law performing an operational activity of CSX TRANSPORTATION, INC., in failing to apply the brakes of the livery van to avoid a collision;

h) In failing to comply with the other applicable Kentucky Traffic Laws governing the operation of motor vehicles;

i) In failing to warn Plaintiff of the impending collision and failing to take evasive action to avoid the impact when the driver knew, or reasonably should have known that an impact was imminent.

16. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage loss, and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of Defendant CSX TRANSPORTATION, INC..

WHEREFORE, Plaintiff CHARLES EATON asks for judgment against Defendant CSX TRANSPORTATION, INC. in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and therefore brings this suit.

## Count II
## Plaintiff CHARLES EATON v. Defendants Professional Transportation, Inc. and DEBBIE CATON

1-11.   As and for paragraphs 1-11 of Count II Plaintiff adopts and reasserts paragraphs 1-11 of "Allegations Common to All Counts" as if fully set forth herein.

12.   Plaintiff CHARLES EATON is a resident of Alexandria, Kentucky. Defendant PROFESSIONAL TRANSPORTATION, INC. is a multi-state corporation with its principal place of business in the State of Indiana and is subject to service of process and jurisdiction of this Court. Defendant DEBBIE CATON is a resident of the State of Ohio and is subject to service of process and jurisdiction of this Court pursuant to Kentucky's long-arm statute. Jurisdiction as to Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON is invoked under 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and, alternatively, under 28 U.S.C. §1367(a) providing that the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.   At the time and place alleged herein Plaintiff CHARLES EATON was a passenger in the vehicle operated by Defendant PROFESSIONAL TRANSPORTATION, INC. and its agent, Defendant DEBBIE CATON, each of who owed Plaintiff a duty of the highest degree of care in the operation of the vehicle; to operate the vehicle in a safe manner and at a safe rate of speed; and to warn Plaintiff so as to avert injury to him.

6

14. Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON, at the time and place alleged, notwithstanding their duties to Plaintiff, were careless and negligent in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

- a) In operating the vehicle in a reckless and careless manner in violation of KRS § 189.290;

- b) In failing to keep a proper look-out;

- c) In failing to sound a properly operating horn when necessary to warn of the approach of the livery van to another vehicle in violation of KRS § 189.080;

- d) In failing to apply the brakes of the livery van to avoid a collision;

- e) In failing to comply with the other applicable Kentucky Traffic Laws governing the operation of motor vehicles;

- f) In failing to warn Plaintiff of the impending collision and failing to take evasive action to avoid the impact when the driver knew, or reasonably should have known that an impact was imminent.

15. Plaintiff CHARLES EATON sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON.

WHEREFORE, Plaintiff CHARLES EATON asks for judgment against Defendants PROFESSIONAL TRANSPORTATION, INC. and DEBBIE CATON in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and therefore brings this suit.

## Count III
### Plaintiff CHARLES EATON v. Defendant MICHAEL E. TRAPP

1-11. As and for paragraphs 1-11 of Count III, Plaintiff adopts and reasserts paragraphs 1-11 "Allegations Common To All Counts" as if fully set forth herein.

12. Plaintiff CHARLES EATON is a resident of Alexandria, Kentucky. Defendant MICHAEL E. TRAPP is a resident of the State of Kentucky and is subject to service of process and the jurisdiction of this Court. Jurisdiction as to Defendant MICHAEL E. TRAPP is invoked under 28 U.S.C. §1367(a) providing that the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. Defendant MICHAEL E. TRAPP, at the time and place alleged, owed a duty to plaintiff to operate and control his motor vehicle with reasonable care so as to avoid collision with other vehicles on the highway; to yield to oncoming traffic before starting and backing his vehicle; to pay attention to road conditions while driving said vehicle; to comply with the Kentucky Motor Vehicle Traffic Regulations; and to warn Plaintiff so to avert injury to him.

14. Defendant MICHAEL E. TRAPP, notwithstanding his duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

a) In operating the vehicle in a reckless and careless manner in violation of KRS § 189.290;

b) In failing to keep a proper look-out;

8

c)      In failing to sound a properly operating horn when necessary to warn of the approach of his vehicle to another vehicle in violation of KRS § 189.080;

d)      In failing to apply the brakes of his vehicle to avoid a collision;

e)      In failing to ascertain whether the backing movement could be made with reasonable safety in violation of KRS § 189.440;

f)      In failing to comply with the other applicable Kentucky Traffic Laws governing the operation of motor vehicles;

g)      In failing to take evasive action to avoid the impact when the driver knew, or reasonably should have known that an impact was imminent.

15.      Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law proximately caused by the negligent acts and omissions of Defendant MICHAEL E. TRAPP.

WHEREFORE, Plaintiff CHARLES EATON asks for judgment against Defendant MICHAEL E. TRAPP in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) and therefore brings this suit.

Respectfully submitted,

By: _____
Mr. Robert E. Harrington, Jr.
Mr. Patrick J. Harrington
Mr. Vincent B. Browne
(*Motions for Admission Pro Hac Vice Filed Contemporaneously with Complaint at Law*)
Harrington, Thompson, Acker & Harrington, Ltd.
310 South Michigan Avenue–Suite 2000
Chicago, Illinois 60604
Telephone: (312) 922-8833
Facsimile: (312) 922-3044
Email: htah@harringtonlaw.com
*Counsel for Plaintiff Charles Eaton*

## JURY DEMAND

Plaintiff Charles Eaton hereby demands trial by jury.

Respectfully submitted,

By: *[signature]*

Mr. Robert E. Harrington, Jr.
Mr. Patrick J. Harrington
Mr. Vincent B. Browne
(*Motions for Admission Pro Hac Vice Filed Contemporaneously with Complaint at Law*)
Harrington, Thompson, Acker & Harrington, Ltd.
310 South Michigan Avenue–Suite 2000
Chicago, Illinois 60604
Telephone:   (312) 922-8833
Facsimile:   (312) 922-3044
Email:   htah@harringtonlaw.com
*Counsel for Plaintiff Charles Eaton*
